IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
RHODE ISLAND

Giovanni Lara,
Petitioner

CR:NO 95-075ML

V.
United States of America,
Respondent

PETITION FOR WRIT OF ERROR CORAM NOBIS PURSUANT TO 28 U.S.C. §1651 (A).

Now comes the petitioner Giovanni Lara (Hereinafter Petitioner), Who is acting Pro-Se in the above stated matter, and hereby respectfully moves this Honorable Court to grant relief From judgement of sentence pursuant to petition for Writ of Error Coram Nobis 28 U.S.C. §1651 (A). In support of, it is stated;

PRO-SE STANDARD OF REVIEW

Petitioner request a liberal construction of his pleadings. Haines v. Kerner, 404 U.S. 519 (1972). This Court retains the inharent power to apply the propper construction of governing law. Kamen v. Kemper Financial Services Inc., 500 U.S. 90 (1991).

JURISDICTION

The Rhode Island District Court entertains jurisdiction over petition for Writ of Error Coram Nobis 28 U.S.C. §1651(A). See Korematsu v. U.S.D.C. Cal., 1984 584 F.Supp. 1404. Petitions for Wrir of Error Coram Nobis is approprеately heard by the district court in which the petitioners conviction was obtained.

A claim of an illegal restitution oredr is beyond the purview of a collateral proceeding brought under 28 U.S.C. §2255. Making §2255 inadiquiate and ineffective for the petitioners instant claims. See Smullen v. U.S.,94 F.3d 20,21 (1st Cir 1996) were the court stated that the plain language of the statute indicated that § 2255 is only available to a petitioner who "claim[s] his right to be released" from costody.Also See U.S. v. Thiele,314 F.3d 399 (9th Cir. 2002) where the court stated that the defendant could not challenge a restitution order trough a 28 U.S.C. §2255.The petitioner also filed a section 2241 in the district of his confinement were the court held that the appropriate motion to challendge restitution was a Writ of Error Coram Nobis.

**STATEMENT OF FACTS**

(A)The petitioner along with 10 Co-Defendants were indicted in the district pf Rhode Island on a 38 count indictment after a two year investigation into the Providence chapter of the street gang commonly known as the Latin Kings. On september 19,!995.

(B)The petitioner was indicted on six counts count 1 R.I.C.O. count 2 conspiracy of R.I.C.O. act 1 of count 1 (a) conspiracy to rob Temujin Vandergroen (b) muder of Vandergroen (c) arson of a motor vehical, act six of count one intimidation of a federal witness and count eight intimadation of a federal witness.

**(C)**One year later the petitioners indictement was superceeded to ad count eight carjacking 18 U.S.C. §2119 to repalce the robbery count. dismissing counts 1,2,3,8, 12 and 18.

**(D)**After a 44 day trial before Honorable judge Mary M. Lisi the petitioner was convicted of two counts 8 and 9 carjacking and witness intimadation, and aquitted of R.I.C.O. conspiracy to R.I.C.O. arson ,murder,and position of a gun during a crime of violance 18 U.S.C. §924 (c) counts 1,2,3, and 10.

**(E)**On October 8,1997 Honorable Mary M Lisi imposed a sentence of life imprisonment, 5yrs of supervised released as to count 8 and 10 yrs imprisonment, 3yrs supervised release as to count 9 to run concurrent with count 8 and a restitution order of $234,000 to be paid to the vandergroen family. Making the petitioner jiontly and severly liable with Co-Defendant George Perry.

**(F)**After the sentencing the petitioner appealed his conviction which was denied on June 30, 1999. One year later the petitioner filed a petition 28 U.S.C. §2255 which was also denied on December 4, 2001.

THE PETITIONERS RIGHT TO EFFECTIVE ASSISTENCE OF COUNSEL WAS DENIED WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE COURTS FAILURE TO MAKE SPECIFIC FACTUAL FINDINGS REQUIERED TO IMPOSE A RESTITUTION UNDER 18 U.S.C.§3663(a) AND IMPOSING RESTITUTION UNDER THE MANDATORY VICTIMS RESTITUTION ACT WHEN THE OFFENSE IN QUESTION OCCURED BEFORE ITS ENACTMENT IN 1996.

(A) The petitioner contends the his right to effictive assistense of counsel were denied when trial counsel failed to object to sentencing courts failure to make requiered factual findings to impose resitution under the Victims Witness Protection Act (VWPA) 18 U.S.C. 3663(a) .See U.S. v Edwards,162 F.2d 87 (3rd Cir. 1998) were the court stated that in this circuit, a district court has to make cirtain factual findings before ordering restitution under the VWPA; (1) The amount of the loss sustained by the victims; (2) The defendants ability to pay that loss;and (3) and how the amount of restitution imposed relates to any loss caused by the conduct underlining the offense[s] at issue.

In the instant case the record does not esatbish a factual finding /1 that the amount of restitution resulted from the offence of convictionfor which the petitioner was actually Convicted.Further more the district court did not take into consideration the defendants abilty to pay the full restitution/2. See U.S. v Porter,1946,90 F.3d 64 were the court stated a court of appealls will vacate order of restitution and remand for resentencing where there is no evidence suggesting that the sentencing court considered the amount of loss sustained by the



/1 See exhibit (A) the petitioners sentencing minutes. /2 under the (MVRA) a restitution must be imposed in the full amount oppoesd to a restitution imposed under the (VWPA) which must be taylored to the defendants future financial abilty.

victims of the crimes, defendants abilty to pay restitution, and finacial needs and earning ability of the defendant and the defendants dependants in ordering restitution.

(B)The sentencing court did not take into account how the amount of restitution imposed, relates to any loss caused by the conduct underlining the offense at issue.

The sentencing court imposed a restitution order of $234,000 as part of a sentence as to count eight carjacking. The petitioner was charged with murder and arson of Vandergroen and his car which was supposedly carjacked, But thepetitioner was aqitted of the two counts. The restitution order inpart was for "full payment for three years salary to the victims mother and step father,phone calls over the course of three years" ect../B The vandergroens mother and step father quit there jobs after there was killed.

If the sentencing court would have taken into acount how the amount of restitution relates to any loss caused by the conduct underlining the offense of conviction. The restitution would have been substantialy less (if any restitution at all).See U.S. v. Wainwright,938 F.2d 1096 (10 Cir. 1991) restitution order under the V.W.P.A. which encompasses losses stemming from charges not resulting in convictions is unathorised by the restitution section and is thus illegal and constitutes plain error.



72 See exhibit (B) Calculation of restitution requested by the Vandergrone family.

(C) Furthermore the sentencing court held the petitioner "Jiontly and Severly " liable with his codefendant George Perry for the full amount of the restitution order. Without any clarification of what jointly and severly means. If the petitioner were to pay half of the restitution would he be held liable for the other half if co defendant does not pay it. See U.S. v. Hunt,52 F.3d 489 (3rd Cir. 1995) were the court remanded for further consideration due to the courts statement that restitutionaly obligation was "jiontly and severly" liable with those of her co-defendants without further explanation.

(D)Next sentencing court erred in imposing a restitution order under 18 U.S.C. §3663(a) /3 Mandatory victims Restitution act. The offense for which the petitioner was convicted of occured on Sept.6,1994 prior to the enactment of the M.V.R.A.. Sentencing the petitioner under the M.V.R.A. violates the Expost Facto Clause, Because under the M.V.R.A. the court must apply full amount of the victims losses, and the court cannot concider the defendants economicail circumstances. See U.S. v. Edwards,126 F. 3d 87 (3rd Cir. 1998) were the court stated that imposition of restitution on a defendant for criminal conduct which occ red prior to the enactment of the (MVRA) violates the Expost Facto Clause; restitution was"punishment" under the MVRA, and the act disadvantages defendant by holding him accountable for full amount.



/3 See exhibit (C) the petitioners presentencing report

**(E)** In showing an ineffective assistence claim the petititoner must establish a two-step requierment commonly known as the Strickland test. See Strickland v. Whashington,466 U.S. 668 (1984) (1) counsels preformance fell below the objective standard of responsibilty and (2) there is a resonable probablity that, but for counsels error, the result of the proceeding would have been different.

In the case at bar trial counsel did not object to the courts failure to make factual findings of the amount sustained by the victims; the defendants ablity to payand how the restitution imposed relates to any loss caused by the conduct underlining the offence of conviction. In fact trial counsel did nothing at all,basicly conceeding by his silence on this matter. The touchstone for determing whether an attorneys preformance falls below the constitutional norm is whether counsel has brought " to bear such skill and knowlegde as will render the trial a reliable adversial testing process Strickland. See Rompilln v. Horn,355 F.3d 233 (3rd Cir. 2004) The constitution is satisfied when the lawyer chooses a professionally competent stratagy that secures the acussed the benifit of an adversarial trial.

The petitioner contends that trial counsels mere silence could never render a reliable adversial testing process, and in fact is equivalent to having know counsel at all. See Roe v. Flores Ortega, 528 U.S. 470 (2000) qouting Cronic If counsel is denied at a critical stage at trial, it is prejudice per se, mandating automatic reversal.

The outcome would have been differant had trial counsel objected to this illegal restitution. The petitioner would have; if any all, a substantialy less restitution order had counsel made an attempt test this illegaly imposed restitution order. See Scarpa v. Dubois,38 F.3d 1 (1st Cir. 1994) a convicted defendant can establish the requisite prejudice in ineffective assistence of counsel by demonstrating a resonable probabilty that, but for counsels berves, trial outcome would have been differant for this purpose, "resonable probabilty" is defined as that which undermines confidence in the result of the proceeding.

Trials counsel choice not to contest the restitution order and the manner in which it was imposed could only result in one out come the sentencing court imposing the full amount requested by the Vandergroen Family.

## APPEALATTE COUNSEL WAS INEFFECTIVE FOR NOT APPEALING ILLEAGALY IMPOSED RESTITUTION ORDER

Appealatte counsel was ineffective for failing to appeal on direct appeal the distrct court imposing a restitution order without making the appropraite factual findings requiered to impose restitution;not clarifing what "jiontly and Severly" meant and imposing restitution under the MVRA instead of the statute controlling at the time of offense of conviction VWPA. See Ratiff v. U.S., 999 F.2d 1023, 1026 (6th Cir. 1993) A refusal to appeal, an errorneuos restitution award which award would have been subect to reversal on appeal, would meet the Strickland test and would clrealy constitute cuase for [the] failure to appeal the award.

## CONCLUSION

Petitioner submits that he was afforded ineffective assistence of consel during the course of his sentencing and appeal. had trial counsel objected to the courts imposition of restitution without the Court making specific factual findings, and imposision of restitution under the MVRA instead of the VWPA the outcome would have been differant.

Therefore the petitioner prays that this honorable court grant instant 28 U.S.C.§1651(A) vacate his sentence and remand for resentencing for further factual findings,Clarification of what "jiontly and severly" means and sentencing under the corect statute,the VWPA, and any further relief this Honoable Court deems appropriate.

The petitioner respectfully preserves his right to be present at resentencing in furtherance of his instant clains pursuant to rule 43(a) of the Fed.R.Civ.Pro..

Respectfully Submitted,

Giovanni Lara

Giovanni Lara#04227-070
U.S.Penitentiary
P.O.Box1000
Lewisburg, PA.
17837

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Giovanni Lara,
Petitioner

CR:NO 95-075M1

v.

United States of America,
Repondent

## ADDENDUM

Containing trhee exhibits (A),(B) and(C);

Exhibit (A) The petitioners sentencing minutes page 8.

Exhibit (B) Letter requesting restitution containing calculations and total amount requested by the Vandergroene family, from the petitioners presentencing report within the victim impact statement.

Exhibit (C) Page 1 of the petitioners presentencing report.

# CERTIFICATE OF SERVICE

I, Giovanni Lara, hereby certify that I have served a true and correct copy of the foregoing:

Petition for Writ of Error Coram Nobis
28 U.S.C.§1651(A).

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S.D.C.
District of Rhode Island
1:Jhon O. Pastore Federal Bulding
Two Exchange Terrace
Providence R.I. 02903

U.S.Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza Eight Floor
Providence.R.I.02903

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 16 day of June,

Respectfully Submitted,

Giovanni Lara

REG. NO. 04227-070