MANDATE

05-00287
USDC/RI
Lisi, J

# United States Court of Appeals
## For the First Circuit

No. 06-1327

GIOVANNI LARA,
Petitioner, Appellant,

v.

UNITED STATES,
Respondent, Appellee.

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

**JUDGMENT**

Entered: September 11, 2006

Giovanni Lara appeals from the district court's denial of his petition for writ of error *coram nobis*. The petition challenged the restitution aspect of his sentence, ordering him to pay $234,090 to the family of Temujin Vandergroen, whose death resulted from the carjacking offense of which Lara was convicted. Lara was made jointly and severally liable for payment of the restitution amount with co-defendant George Perry. This is the latest in a series of collateral attacks upon Lara's conviction and sentence since they were imposed almost ten years ago.

"Collateral attack on a judgment by common law writ of error *coram nobis*, preserved by the All Writs Act, 28 U.S.C. § 1651(a), is limited to 'those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.'" United States v. Michaud, 925 F.2d 37, 39 (1st Cir. 1991); see also United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001) ("coram nobis, while still available, is an 'extraordinary remedy' allowed 'only under circumstances compelling such action to achieve justice'") (quoting United States v. Morgan, 346 U.S. 502 (1954)). The following three-part test applies to requests for *coram nobis* relief:

> a petitioner must 1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove

> that the error is fundamental to the validity of the judgment.

Id. at 38. Because we agree with the district court that the petitioner has not met the third prong of this test, we need not decide whether the writ would ever be an available means for an incarcerated petitioner to challenge the restitution aspect of his sentence.

The fundamental error alleged by petitioner is ineffective assistance by trial and appellate counsel for not objecting to the sentencing court's failure to 1) make the requisite factual findings in support of the restitution order, specifically the amount of loss sustained by the victim, 2) apply the appropriate version of the restitution statute to his offense, and 3) explain the meaning of "joint and several" liability for the restitution amount.

There is no indication from the record that the district court applied the Mandatory Victims Restitution Act (MVRA), which took effect in 1996, in imposing the restitution order in this case. The Victims Witness Protection Act (VWPA), which petitioners contend ought to have governed the court's imposition of restitution in this case, "demands no more than that the district court 'consider' the factors enumerated therein. 18 U.S.C. § 3664(a). The statute makes no mention of mandatory findings." United States v. Savoie, 985 F.2d 612, 618 (1st Cir. 1993). One such factor is "the amount of the loss sustained by any victim as a result of the offense." § 3664(a). The record indicates that the district court considered the submissions by the Vandergroen's family quantifying their loss. Lara's suggestion in his brief that the family's losses did not result from his conduct because he was acquitted of the charge of murder is baseless. Lara was convicted of carjacking, resulting in Vandergroen's death. The court was not required under the VWPA to consider in any more explicit fashion the amount of loss sustained by the victims of Lara's offense or to make specific findings of fact. See id.

Petitioner also pursues on appeal his claim that the sentencing court erred in failing to explain its imposition of "joint and several" liability for the restitution amount. In support of this claim, petitioner relies upon United States v. Hunter, 52 F.3d 489 (3d Cir. 1995). There, the Third Circuit reversed and remanded a sentence, including an order of restitution, for the district court to make factual findings as to the amount of restitution that the defendant could realistically be expected to pay. Id. at 495. In so ruling, the Third Circuit noted that the imposition of "joint and several" liability for restitution was unclear in light of the fact that "the amount of restitution ordered for each defendant is different." Id. at 494.

In this case, by contrast, Lara does not claim that co-defendant Perry was ordered to pay restitution in an amount different from the amount that Lara was ordered to pay. Therefore, there was no lack of clarity as to the meaning of joint and several liability for the restitution amount.

Lara has failed to demonstrate that the sentencing court abused its discretion in imposing restitution, much less that failure to object to the restitution order amounted to ineffective assistance of counsel. Assuming without deciding that the writ of *coram nobis* is available to challenge the restitution order, we agree with the district court that petitioner's claims did not rise to the level of "fundamental errors," as required under the third prong of the *coram nobis* test.

The district court's judgment denying the petition for writ of *coram nobis* is affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

JULIE GREGG

By: ____________________________
Operations Manager.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

____________________
**Deputy Clerk**

**Date:** 11/3/06

[cc: Gerard B. Sullivan, AUSA, Michael P. Iannotti, AUSA, Giovanni Lara]